**\*NOT FOR PUBLICATION\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| ROSARIO VALIENTE MARTINEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. Action No. 15-8545 (FLW) |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE, et. | : | **OPINION** |
| al., | : | |
| | : | |
| Defendants. | : | |
_____:

**WOLFSON, District Judge**:

Plaintiff Rosario Valiente Martinez (hereinafter, "Plaintiff") filed this negligence suit against the United States Post Office (hereinafter, "the Postal Service") and Philip Chee (hereinafter, "Mr. Chee") (collectively, "Defendants"), an employee of the Postal Service, as a result of injuries sustained by Plaintiff when Mr. Chee, while operating a Postal Service truck, collided with Plaintiff. In the instant matter, Defendants move to substitute the United States as a defendant, and seek to dismiss the Postal Service and Mr. Chee as parties to this action. Additionally, substituted defendant United States moves for summary judgment on the basis that Plaintiff's claim is time-barred under the Federal Torts Claims Act (hereinafter, "FTCA"). In response, Plaintiff opposes the motion, and argues that the applicable six-month limitation period was tolled. For the reasons set forth below, the Postal Service's motion to substitute the United States as a defendant and dismiss the Postal Service and Mr. Chee as parties to this action is **GRANTED**, and the motion of the United States for summary judgment is also **GRANTED**.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1

Because Plaintiff does not respond to the factual assertions contained within Defendants' statement of material facts, the following material facts taken from the Declaration of Jessica O'Neill are deemed admitted by Plaintiff. On December 14, 2013, Plaintiff was driving south on Society Hill Boulevard in Franklin Township, New Jersey, when her car was struck by a Postal Service truck driven by Postal Service employee Mr. Chee. Declaration of Jessica O'Neill (dated August 22, 2016) (hereinafter, "O'Neill Dec."), ¶ 3, Ex. A. Plaintiff alleges that, as a result of the motor vehicle accident, she sustained various personal injuries. O'Neill Dec., ¶ 3, Ex. A.

Plaintiff's counsel submitted, to the Postal Service, an administrative claim form, known as a Standard Form 95 (hereinafter, "Form 95"), in which Plaintiff sought damages for her alleged injuries. O'Neill Dec., ¶ 3, Ex. A. The form was dated March 4, 2014, but the Postal Service received it on March 17, 2014, and considered it filed as of that date. O'Neill Dec., ¶ 3, Ex. A. Shortly thereafter, the Postal Service began investigating Plaintiff's claim. On three separate occasions, (March 25, 2014, July 14, 2014, and January 28, 2015), the Postal Service wrote to Plaintiff's counsel and requested that he provide medical evidence in support of Plaintiff's injuries. O'Neill Dec., ¶ 3, Ex. B-D. However, on April 2, 2015, the Postal Service ultimately denied Plaintiff's claim "due to [Plaintiff's] failure to submit competent evidence of personal injury . . . . " O'Neill Dec., ¶ 3, Ex. E. In the final denial letter, the Postal Service noted that Plaintiff could "file suit in a United States District Court no later than six (6) months after the date the Postal Service mails the notice of the final action." O'Neill Dec., ¶ 3, Ex. E. The Postal Service further noted that Plaintiff could alternatively "file a request for reconsideration with the postal official who issues the final denial of the claim." O'Neill Dec., ¶ 3, Ex. E.

Approximately two months after the final denial was issued, Plaintiff's counsel faxed a letter to the Postal Service dated June 8, 2015, in which he stated the following:

> In reply to your April 2, 2015 letter, I did actually reply to your July 14, 2014 letter. I have not contacted you because my client is under treatment and there have been difficulties in getting her treatment completed. She is still receiving dental care and has been sent for MRI's.
>
> If you're still willing to discuss a settlement let me know, and I'll forward the reports I have. Otherwise, I'll file suit although I think this case lends itself to an amicable resolution.

O'Neill Dec., ¶ 3, Ex. F. The Postal Service did not respond to this letter. On October 19, 2015, Plaintiff's counsel sent another letter to the Postal Service, enclosed with Plaintiff's medical records with regard to her treatment. The Postal Service received that letter on October 22, 2015.

Kimberly Herbst, a Postal Service claims supervisor, responded to Plaintiff's counsel by letter dated November 18, 2015. In it, the Postal Service explained that it would not consider the October 19, 2015 correspondence, because it was untimely:

> As you know, on April 2, 2015, Rosario Valiente Martinez's claim was denied by way of certified letter addressed to your office. That letter set forth procedures for filing a request for reconsideration of this claim . . . . As your client did not file a request for reconsideration within the six-month time period established by statute, your correspondence which was received on October 22, 2015 cannot be considered.

O'Neill Dec., ¶ 3, Ex. H. Subsequently, Plaintiff's counsel responded with a letter on December 1, 2015, in which he enclosed more medical records and a settlement demand of $75,000, but indicated the he would have to file suit. O'Neill Dec., ¶ 3, Ex. I. This action was subsequently commenced on December 10, 2015, naming the Postal Service and Mr. Chee as defendants. O'Neill Dec., ¶ 3, Ex. J.

Currently, before the Court is Defendants' motion to substitute the United States as a Defendant and dismiss the Postal Service and Mr. Chee as parties to this action. In addition, the United States moves for summary judgment based on Plaintiff's failure to comply with the FTCA's time-limit provisions. Specifically, the United States argues that Plaintiff failed to file this action

3

within six months of the Postal Service's final denial of Plaintiff's claim, as required by 28 *U.S.C.* § 2401(b). Plaintiff opposes the motion.

## II.     SUMMARY JUDGMENT

A court may grant a motion for summary judgment when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.  56(c). For the purpose of this inquiry, "the Court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party." *Roth v. Marina Assocs.*, No. 07-2596, 2009 U.S. Dist. LEXIS 70952, at *9 (D.N.J. Aug. 11, 2009). In other words, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The inquiry, therefore, is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 259 (internal citations and quotations omitted). However, in opposing a motion for summary judgment, "the nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." *United States v. Premises Known as 717 South Woodward Street, Allentown, Pa.*, 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed. R. Civ. P. 56(e)) (citations omitted).

## III.    DISCUSSION

### A.      Substitution

As an initial matter, Defendants argue that "the United States should be substituted as a defendant, and named defendant[s] the United States Postal Service [and Mr. Chee] should be dismissed" from this action. Brief in Support of Federal Defendants' Motion for Summary Judgment (hereinafter, "Def.'s Brief"), at 5-7. Plaintiff, in response, concedes this point. Under the FTCA, a claimant may seek damages *only* from the United States "as a result of the negligent or wrongful act or omission by any Government employee, acting within the scope of his employment, under circumstances where a private person would be liable under the law of the place where the act or omission occurred." *Perez-Barron v. United States*, 480 Fed. Appx. 688, 691 (3d Cir. 2012). Moreover, in determining whether a government employee was acting within the scope of employment during the incident from which a plaintiff's tort claim stems from, 28 *U.S.C.* § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 *U.S.C.* § 2679(d)(1). Pursuant to 28 *C.F.R.* § 15.4, the Attorney General delegated said certification authority to the individual Untied States Attorneys. 28 *C.F.R.* § 15.4(a) (The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment . . . . "). Here, with the authority accorded to her under 28 *C.F.R.* § 15.4(a), Caroline Sadlowski, the Chief of the Civil Division of the United States Attorney's Office for the District of New Jersey, certified that "Defendant Phillip Chee was acting within the scope of his employment as an employee of the United States at the time of the conduct alleged in the Complaint." Def.'s Brief, Ex. J. (Certification of Caroline Sadlowski (dated August 19, 2016)).

Therefore, the Court finds that it is appropriate to dismiss the Postal Service and Mr. Chee as defendants from this action, and to substitute the United States as a defendant. *See e.g.*, *Dilg v. United States Postal Service*, 635 F. Supp. 406, 407 (D.N.J. 1985) (holding that "the United States is the only proper defendant in a suit for personal injuries arising out of the negligence of federal employees."). *Hammond v. Kim*, No. 13-435, 2013 U.S. Dist. LEXIS 120775, at *1 n.1  (D.N.J. Aug. 26, 2013) ("The Court notes that the United States of America was substituted in the place of Defendant Oscar Alvarez-Matta, a Deputy U.S. Marshal, who was sued with respect to actions within the scope of his employment as a federal employee pursuant to 28 *U.S.C.* § 2679(d)(2).").

### B.      Statute of Limitations

Pursuant to 28 *U.S.C.* §2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 *U.S.C.* §2401(b). Accordingly, a claimant bringing an FTCA claim must comply with the following two requirements: (a) file an administrative claim within two years of a claim's accrual, and (b) file a civil action within six months of an agency's final denial of the claim.

However, "[p]rior to the commencement of suit and prior to the expiration of the 6 month period provided in 28 *U.S.C.* 2401(b), [the claimant] may file a written request with the postal official who issues the final denial . . . for a reconsideration of a final denial of a claim . . . . " 39 *C.F.R.* § 912.9(b). A timely filing of a written request for reconsideration resets the administrative clock, and tolls the requirement for the filing of a lawsuit in district court. *See* 39 *C.F.R.* § 912.9(b); *Garcia v. United States*, No. 2:12-CV-0072, 2012 U.S. Dist. LEXIS 107498, at *8 (S.D. Tex. July 31, 2012) ("[F]ederal regulations call for the resetting of the administrative claim exhaustion clock

upon the filing of a request for reconsideration."). Indeed, upon such a filing, "the Postal Service shall have [another] 6 months from the date of filing in which to make a disposition of the" plaintiff's request for reconsideration. 39 *C.F.R.* § 912.9(b).

The claimant may not file suit until either the expiration of the new 6 month period, or until after the date of mailing of the final denial on the request for reconsideration. 39 *C.F.R.* § 912.9(b); *see Dunn v. Samuels*, No. 16-3558, 2016 U.S. Dist. LEXIS 87034, at *8 (D.N.J. July 6, 2016) ("Plaintiff should submit an amended complaint to establish that this Court has jurisdiction over his FTCA claim, either because the agency failed to issue a decision within six months of his request for reconsideration or because he received the final agency decision, and then filed this action within six months."). The FTCA's time-line requirements are typically strictly enforced by district courts. *See e.g.*, *Napier v. United States*, No. 1:12-cv-01266, 2013 U.S. Dist. LEXIS 20349, at *4 (E.D. Cal. Feb. 14, 2013) (dismissing an FTCA suit with prejudice because the claim was received one day late). Importantly, Plaintiff does not dispute the timing requirements as set forth in the relevant statute.

In the instant matter, Plaintiff filed a Form 95 with the Postal Service on March 17, 2014. On April 2, 2015, the Postal Service issued a final denial of Plaintiff's claim, because her counsel failed to provide the Postal Service with medical records substantiating Plaintiff's alleged injuries, thereby starting the FTCA's administrative clock. Consequently, because Plaintiff did not file suit, she was required to file a request for reconsideration with the Postal Service by October 2, 2015.

On the issue of reconsideration, Plaintiff's counsel represents that he communicated with the Postal Service by telephone, and that he submitted two separate letters, dated June 8, 2015, and

October 19, 2015,[1] to the Postal Service. O'Neill Dec., ¶¶ 11, 12; Plaintiff's Opposition to Summary Judgment (hereinafter, "Pl.'s Opp."), at 2. Based on those communications, Plaintiff argues that the statute of limitations was tolled because "the sum total of Plaintiff's communications should be regarded as a request for reconsideration." Pl.'s Opp., at 2. However, the aforementioned phone calls made by Plaintiff's counsel and the October letter cannot be construed as requests for reconsideration. For one, §2401(b) requires that a plaintiff must seek reconsideration in writing. And, moreover, the October letter was untimely because it was received by the Postal Service after the six months deadline had passed, i.e., October 2, 2015. Therefore, in determining whether Plaintiff tolled the applicable six-month limitation period by filing a request for reconsideration, the Court can only consider the June letter.

Although neither the applicable regulations nor case law address the issue of what constitutes a sufficient request for reconsideration, a situation identical to the one here was presented in *Metropolitan Property & Casualty Ins. Co. v. United States*, No. CV-90-3435, 1991 U.S. Dist. LEXIS 3197 (E.D.N.Y. March 11, 1991). In that case, the court determined whether the plaintiff, there, tolled the six-month limitation period of §2401(b) by filing a request for reconsideration with the appropriate agent. *Id*. Plaintiff sent a letter in response to a denial of its administrative claim issued by the United States Department of the Interior ("DOI"). In relevant part, the letter states as follows:

> Should you wish to reconsider your position and make an offer that is economically feasible to accept you know how to reach me. This is your last opportunity to offer less than what this claim is worth - 100% of our damages. Should I not hear from you we will initiate legal proceedings for 100% of our damages.

---

[1]    Enclosed in this second letter were various medical records purporting to substantiate Plaintiff's alleged injuries.

*Id.*, at *3. The court examined the language of the letter, in considering whether it could suffice as a request for reconsideration, and determined that:

> Plaintiff's attempt to characterize its letter as a request for reconsideration because of its demand that it would 'initiate legal proceedings' if the DOI did not 'make an offer that is economically feasible to accept' is unavailing . . . . [T]he balance of the letter is simply an ultimatum by plaintiff that the DOI either offer plaintiff an amount in settlement of its claim or face the institution of legal proceedings in federal court.

*Id.*, at *6-7.[2]

The language of this letter is comparable to the content of the June letter in this case. In relevant part, the June letter states: "If you're still willing to discuss a settlement let me know, and I'll forward the reports I have. Otherwise, I'll file suit although I think this case lends itself to an amicable resolution." O'Neill Dec., ¶ 3, Ex. F. Although Plaintiff is correct in arguing that a letter can be construed as a request for reconsideration, even if it is not expressly labeled as a request for reconsideration, *Guardian Angels Med. Serv. Dogs, Inc.,* 120 Fed. Cl. 8, 10 (2015) (holding that "[a] request for reconsideration need not be so titled or even formally submitted.") (citing *Metrotop Plaza Assocs. v. United States*, 82 Fed. Cl. 598, 601-02 (2008)), nevertheless, while "the absence of the term [request for reconsideration is not] legally significant," *Metrotop Plaza Assocs*, 82 Fed. Cl. at 602, a writing purporting to serve as a request for reconsideration should reasonably indicate that the claimant is seeking to have the denial of its claim reviewed. In the instant matter, the language of the June letter, however, does not demonstrate that Plaintiff intended for the Postal Service to reconsider Plaintiff's claim. Indeed, the June letter does not request more time to provide

---

[2]    The letter's first paragraph indicated that the letter was not a request for reconsideration. However, the court found that "[e]ven ignoring plaintiff's plain statement," the letter cannot be regarded as a request for reconsideration. *Metropolitan Property*, 1991 U.S. Dist. LEXIS 3197, at *7.

the Postal Service with Plaintiff's medical records for a different ruling or determination. Nor does the letter dispute the findings of the Postal Service or the Postal Service's decision to deny her claim—the types of language typically prompting a request for reconsideration. In light of the content and context of the June letter, the Court finds that the medical records were offered by Plaintiff's counsel in connection with soliciting a settlement from the Postal service; they were not submitted for reconsideration purposes. Rather, the June letter served as an "ultimatum," prior to initiating suit, as opposed to a request for reconsideration. *Metropolitan Property*, 1991 U.S. Dist. LEXIS 3197, at *7. Therefore, Plaintiff's claim is time-barred.[3]

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to substitute the United States as a defendant, and dismisses the Postal Service and Mr. Chee as parties to this action. The Court also grants the motion of the United States for summary judgment.

Dated:  November 22, 2016

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[3]    Plaintiff also makes the following argument: "[i]f the Court finds that the June correspondence and phone calls are not a specific request for reconsideration at the very least, there should be equitable tolling." Pl.'s Opp., at 3. The Court disagrees, as equitable tolling is an "extraordinary remedy" and should be used "only sparingly," in one of the three circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights in the wrong forum." *Santos ex rel. Beato v. United States,* 559 F.3d 189, 197 (3d Cir. 2005). Because none of these three circumstances are present here, equitable tolling cannot be invoked.